J-S28025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MONTGOMERY TIBURCIO, | |
| Appellant | No. 1619 MDA 2014 |

Appeal from the Judgment of Sentence entered August 26, 2014,
in the Court of Common Pleas of Berks County,
Criminal Division, at No(s): CP-06-CR-0000713-2014

BEFORE:  BOWES, ALLEN, and LAZARUS, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED MAY 15, 2015**

Montgomery Tiburcio ("Appellant") appeals from the judgment of sentence imposed after a jury convicted him of hindering apprehension or prosecution of another person.  18 Pa.C.S.A. § 5105(a)(5).

The facts adduced at trial are as follows:  West Reading Police Officer Marc Oxenford testified that during the early morning hours of January 10, 2014, he received a radio call to stop a white Dodge van.  N.T., 8/25/14, at 40-41.  Appellant was the driver of the van, and a single male passenger was seated in the second row of the van behind Appellant.  *Id*. at 43-44.  Officer Oxenford apprehended the passenger on an arrest warrant.  *Id*. at 52.  Officer Oxenford testified:

> [Another officer] had informed [Appellant] that we knew that the backseat passenger had a warrant for his arrest, that it was his brother, and he kept saying that it wasn't his brother and that his name was "Sanny Dominguez".

*Id*. at 56.

Wyomissing Police Officer William Roecher testified to receiving a dispatch call and responding to the scene where Officer Oxenford had stopped the Dodge van. Officer Roecher asked Appellant, as the driver, for his license, registration and proof of insurance, which all "came back clean." *Id*. at 63. However, "when it was determined that [the passenger] had a warrant, an active warrant, both individuals were removed from the van." *Id*. at 68.

Wyomissing Police Officer Peter Purcell testified that he responded "as a back up" to Officers Roecher and Oxenford. *Id*. at 72. The passenger told Officer Purcell that he was "Sanny Dominguez". *Id*. at 74. Appellant also told Officer Purcell that the passenger was "Sanny Dominguez". *Id*. Appellant said that he and the passenger "were no relation to each other" and that Appellant's brother "was in jail". *Id*. at 75.

Reading Police Investigator Joseph Snell testified to interviewing Appellant and giving him *Miranda* warnings, which Appellant waived. *Id*. at 83, 99-101. Both counsel stipulated that Appellant admitted during the interview to knowing that his brother had been charged with "conduct that would constitute a felony" and was wanted by the Reading Police Department. *Id*. at 95, 114. Investigator Snell testified that Appellant "said he was not planning on turning [his passenger/brother] in that night. … He said his brother was planning to turn himself in at 10 – January 10, 2014 at

some point." *Id*. at 101-102. Investigator Snell further testified that Appellant "told me his brother gave his real name." *Id*. at 110.

After hearing the above evidence, the jury found Appellant guilty of hindering apprehension or prosecution of another person. On August 26, 2014, the trial court sentenced Appellant to 16 months to 7 years of incarceration.

Appellant filed timely post-sentence motions, which the trial court denied. Appellant filed a notice of appeal on September 25, 2014. On September 30, 2014, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal, which Appellant filed on October 14, 2014. The trial Court filed a Pa.R.A.P. 1925(a) opinion on November 6, 2014.

Appellant presents three issues for our review:

[1.] Whether the trial court abused its discretion in denying Appellant's request for a mistrial when two police officers testified regarding the criminal offense for which [Appellant's brother] was wanted in violation of the trial court's pretrial ruling granting Appellant's *Motion in Limine* and excluding this evidence from trial.

[2.] Whether the evidence was insufficient to support the guilty verdict for Hindering Apprehension or Prosecution (F3), where the Commonwealth failed to prove beyond a reasonable doubt that Appellant provided false information to law enforcement or that the Appellant intended to hinder the apprehension of [his brother] on an arrest warrant.

[3.] Whether the verdict of guilty for the crime of Hindering Apprehension or Prosecution (F3) is contrary to the weight of the evidence presented at trial in that [Appellant's brother] had been arrested and placed in police custody prior to [Appellant] providing any false information to law enforcement thereby

- 3 -

making it impossible for Appellant to hinder the apprehension of a wanted person.

Appellant's Brief at 5 (footnote omitted).

Appellant was convicted under the section of the Crimes Code which provides:

> A person commits an offense if, with intent to hinder the apprehension, prosecution, conviction or punishment of another for crime or violation of the terms of probation, parole, intermediate punishment or Accelerated Rehabilitative Disposition, he … provides false information to a law enforcement officer.

18 Pa.C.S.A. § 5105(a)(5).

Upon review of the record – particularly the notes of testimony from the jury trial – we conclude that the trial court has capably addressed Appellant's appellate issues in its November 6, 2014 opinion. Because the trial court has succinctly but properly addressed the arguments Appellant raises in his appellate brief, further discussion by this Court would be redundant. Accordingly, we adopt the trial court's November 6, 2014 opinion in disposing of this appeal and affirming Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/2015

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE COURT OF COMMON PLEAS OF BERKS COUNTY, PENNSYLVANIA |
|---|---|---|
| v. | : | CRIMINAL DIVISION |
| MONTGOMERY TIBURCIO Defendant | : | No. 713-2014 KELLER, Judge |

**MEMORANDUM OPINION. S.D. Keller, J., November 6, 2014**

**PROCEDURAL HISTORY**

After trial held on August 25, 2014, and August 26, 2014, the jury found the Defendant guilty of the sole count in the Information, Hindering Apprehension or Prosecution.[1] The Court sentenced Defendant on August 26, 2014, to serve no less than sixteen (16) months to no more than seven (7) years with a credit for two hundred and twenty nine (229) days of time served. On August 27, 2014, Defendant, through counsel, filed POST-SENTENCE MOTIONS, which the Court denied on September 2, 2014. Defendant was represented at trial and sentencing by Brie Halfond, Esquire, and Amy Shaffer, Esquire.

Defendant, through Attorney Shaffer, filed a Notice of Appeal on September 25, 2014. The Court ordered the Defendant on September 30, 2014, to file a Concise Statement of the Errors Complained of on Appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), which appellate counsel filed on October 14, 2014. The following errors are complained of on appeal:

1. The trial court abused its discretion in denying Defendant's request for a mistrial when two police officers testified regarding the criminal offense for which Tommy Tiburcio was wanted in violation of the trial court's pretrial ruling granting Appellant's motion in limine and excluding this evidence from trial.

2. The evidence was insufficient to support the guilty verdict for Hinder[SIC] Apprehension or Prosecution (F3), where the Commonwealth failed to prove beyond a reasonable doubt that Appellant provided false information to law

---

[1] 18 PA. CONS. STAT. § 5105(a)(5).

1

enforcement or that he intended to hinder the apprehension of Tommy Tiburcio on an arrest warrant.

3. The verdict of guilty for the crime of Hindering Apprehension or Prosecution (F3) is contrary to the weight of the evidence presented at trial in that Tommy Tiburcio had been arrested and placed in police custody prior to Defendant providing any false information to law enforcement thereby making it impossible for Appellant to hinder the apprehension of a wanted person.

## DISCUSSION

### Mistrial

In his first alleged error, Defendant asserts that the Court erred in denying a motion for mistrial made after police officers testified at trial about information that the Court had previously ruled inadmissible.

Prior to trial, both parties filed motions in limine. In DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING TOMMY TIBURCIO'S PRIOR CHARGED CRIMES AND DEFENDANT'S POTENTIAL INVOLEMENT WITH THOSE PRIOR CHARGED CRIMES, filed on August 18, 2014, Defendant requested that the Court exclude evidence that his brother, Tommy Tiburcio, was wanted on January 10, 2014, for attempted criminal homicide. Defendant further challenged the introduction of evidence that he was charged as a co-defendant for the events which led to his brother's attempted criminal homicide charges.[2] Defendant argued that the probative value of this evidence was clearly outweighed by the unfair prejudice. Defendant also filed a motion on August 19, 2014, in opposition to the Commonwealth's motions in limine. In that filing, Defendant added that he was willing to stipulate that he knew his brother was wanted for a first or second degree felony; thus, Defendant argued that the Commonwealth had a less prejudicial avenue to establish his knowledge. A discussion was held to address the motions in limine prior to jury selection.

---

[2] The Commonwealth filed a corresponding motion in limine on August 19, 2014, seeking permission to introduce evidence of Defendant's prior conviction to demonstrate his knowledge that his brother was wanted for a serious felony on January 10, 2014.

(Notes of Testimony, hereinafter N.T., 8/25 & 26/14, at 4-6.) At the conclusion of that discussion, the Court denied the Commonwealth's motion to introduce evidence of Defendant's prior conviction as prejudicial and cumulative in light of the Defendant's proposed stipulation. (N.T., 8/25 & 26/14, at 4-5).

Sergeant Roecher and Officer Purcell both testified that Tommy Tiburcio was wanted for attempted murder. (N.T., 8/25 & 26/14, at 65, 75). Following each instance, the defense requested a mistrial, which the Court denied. However, the Court instructed the jury to not consider the nature of those charges but only that there was an arrest warrant for Tommy Tiburcio. (N.T., 8/25 & 26/14, at 66, 77).

"A mistrial is an 'extreme remedy… [that]…must be granted only when an incident is of such a nature that its unavoidable effect is to deprive defendant of a fair trial.'" *Commonwealth v. Bracey*, 831 A.2d 678, 682 (Pa. Super. 2003) (quoting *Commonwealth v. Stilley*, 689 A.2d 242, 250 (Pa. Super. 1997)). "The trial court is in the best position to assess the effect of an allegedly prejudicial statement on the jury, and as such, the grant or denial of a mistrial will not be overturned absent an abuse of discretion…Likewise, a mistrial is not necessary where cautionary instructions are adequate to overcome any possible prejudice." *Commonwealth v. Simpson*, 754 A.2d 1264, 1272 (Pa. 2000) (internal citations omitted). "[J]uries are presumed to follow the instructions of a trial court to disregard inadmissible evidence." *Simpson*, 754 A.2d at 1272.

The testimonial reference by the police officers to the nature of the arrest warrant for Tommy Tiburcio was not sufficiently prejudicial to warrant the extreme remedy of a mistrial. Defendant stipulated that he knew his brother was wanted for a serious felony. The incurable prejudice would have come from the jury learning that Defendant himself was charged in

3

connection with the attempted murder case, which did not occur. Given the nature and circumstances, the Court believes that the curative instruction was sufficient to ameliorate any prejudice caused by the police officers' testimony. The jury was instructed to disregard the nature of the charges and we must presume that they followed these instructions. Therefore, the Court does not believe that it abused its discretion in denying Defendant's motion for a mistrial, and Defendant's alleged error one (1) is meritless.

## Sufficiency of the Evidence

In alleged error two (2), Defendant argues that the evidence presented at trial was insufficient to support the guilty verdict. The Superior Court's review of a challenge to the sufficiency of the evidence is well settled. As the Superior Court of Pennsylvania explained:

> When reviewing a challenge to the sufficiency of the evidence, [the Superior Court] must determine "whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offense[ ] charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt."

*Commonwealth v. Salter*, 858 A.2d 610, 613 (Pa. Super. 2004) (quoting *Commonwealth v. Jackson*, 485 A.2d 1102, 1103 (Pa. 1984)). "Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." *Commonwealth v. Stays*, 40 A.3d 160, 167 (Pa. Super. 2012) (citing *Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa. Super. 2001)).

Specifically, Defendant argues that the evidence presented at trial was insufficient, because the Commonwealth failed to prove that he provided false information to law enforcement or that he did so with the intent to hinder his brother's apprehension.

"A person commits an offense if, with intent to hinder the apprehension [or] prosecution...of another..., he provides false information to a law enforcement officer." 18 PA.

4

CONS. STAT. § 5105(a)(5). The offense is a third-degree felony if the person knows that the conduct charged would constitute a felony of the first or second degree. § 5105(b).

At trial, Officer Oxenford testified that on January 10, 2014, he stopped a minivan matching a vehicle description from a radio call. (N.T., 8/25 & 26/14, at 40-41). Officer Oxenford further testified that Defendant was located in the driver's seat and a male passenger was sitting in the middle row of seats. (N.T., 8/25 & 26/14, at 42-44). Officer Oxenford spoke with the male passenger and asked him to write down his identifying information on a piece of paper. (N.T., 8/25 & 26/14, at 44-45). The passenger wrote "Sanny Dominiquez 4/20/82." (N.T., 8/25 & 26/14, at 44-45; Commonwealth Exhibit 2). After being unable to confirm that identity, Officer Oxenford re-approached the vehicle to verify the spelling of the name provided. (N.T., 8/25 & 26/14, at 56-57). Defendant confirmed that the name "Sanny" was spelled correctly. (N.T., 8/25 & 26/14, at 57). The police later learned that the male passenger was, in fact, Tommy Tiburcio, who had an active warrant for his arrest. (N.T., 8/25 & 26/14, at 64-65). Defendant stipulated that he knew Tommy Tiburcio had been charged with and was wanted for conduct which would constitute a felony of the first or second degree. (N.T., 8/25 & 26/14, at 114).

This testimony, if believed, was sufficient evidence to support guilt beyond a reasonable doubt on all elements of the offense. Defendant, knowing that his brother was wanted for conduct which would constitute a serious felony, confirmed the spelling of a false identity to a police officer. Defendant's actions and the reasonable inferences that could be drawn therefrom are sufficient to establish the requisite intent. Any doubt about the Defendant's actions or his intent was resolved by the fact-finder; therefore, the Court believes that Defendant's second alleged error has no merit.

## Weight of the Evidence

Initially, the Court notes that the Defendant properly raised his contention that the guilty verdict was against the weight of the evidence in his post-sentence motion. *See* Pennsylvania Rule of Criminal Procedure 607(A)(3). Because the Court denied the Defendant's post-sentence motion, the appellate court will review the trial court's denial for an abuse of discretion. *Commonwealth v. McCloskey*, 835 A.2d 801, 809 (Pa. Super. 2003).

"The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *McCloskey*, 835 A.2d at 809 (quoting *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003)). A verdict is contrary to the weight of the evidence where it "is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Bennett*, 827 A.2d 469, 481 (Pa. Super. 2003) (citing *Commonwealth v. Brown*, 648 A.2d 1177, 1189 (Pa. 1994)).

When the Court denied the Defendant's post-sentence motion which challenged the weight of the evidence, the Court determined that the guilty verdict was not so contrary to the evidence as to shock one's sense of justice, and the Defendant will not be able to demonstrate that this determination was an abuse of discretion.

In challenging the weight of the evidence, Defendant argues that the testimony demonstrated that Tommy Tiburcio was already in custody before he provided any false information to law enforcement. The Court disagrees with this assessment of the trial testimony.

| The Court: | Both instances - - both instances when you spoke with the defendant? |
|---|---|
| Officer Oxenford: | When I spoke to him, I approached the vehicle initially with Sergeant Roecher and asked him for his information, the backseat passenger. And that's when he wrote down his information on my notepad. I went back and gave the information to Sergeant Roecher so he could run it and Sergeant Roecher said he didn't get the |

6

name back on information, to go back and verify that was indeed the correct information.

So, I re-approached the vehicle, asked him if that was the correct information, that's when he told me it was the spelling, Sanny, S-a-n-n-y, and then I went back to - -

The Court:    That was when the defendant said what was written down was the correct spelling - -

Officer Oxenford:    Correct.

The Court:    - -of the first name?

Officer Oxenford:    Correct.

The Court:    All right. So, Tommy Tiburcio was not in custody at that time?

Officer Oxenford:    Correct.

(N.T., 8/25 & 26/14, at 56-57). After hearing this testimony, the jury was free to believe that Defendant confirmed his brother's false identity *before* he was taken into custody. When considering all of the evidence presented, the verdict was not so contrary to weight of the evidence as to shock one's sense of justice. Therefore, the jury's verdict should stand and Defendant's alleged error three (3) has no merit.

For all of the foregoing reasons, we respectfully request that Defendant's appeal be **DENIED.**

BY THE COURT:

Judge Scott D. Keller

'14 NOV -6 P 3:35